IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:08-CR-42-FL-1
7:12-CV-348-FL

| | |
|---|---|
| TYRELL BELLAMY, JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

This case comes before the court, in part, on the petition by petitioner Tyrell Bellamy, Jr. ("petitioner"), as originally filed (D.E. 70) and as corrected (D.E. 72) to conform to the Local Civil Rules in response to the court's directive (*see* D.E. 71), to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("petition" or "§ 2255 petition"). Also before the court is petitioner's motion (D.E. 74) to amend the petition, set out with the proposed amendment and supporting argument in a single document entitled, "Rule 15 (C) Amended and Supplemental Plead Memorandum of Law" (D.E. 74). The petition, which has been fully briefed,[1] was referred to the undersigned for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings ("§ 2255 Rules"). (*See* D.E. dated 7 Aug. 2013). For the reasons stated herein, it will be recommended that the motion to amend be denied as moot and the petition, as amended, be denied.

---

[1] Petitioner filed a memorandum in support of his original petition (D.E. 70-1), but not one in support of his corrected petition. Particularly since the corrected petition asserts the same claim as the original petition, the court will treat the memorandum supporting the original petition as also supporting the corrected petition. The government filed a response (D.E. 75) to the original and corrected petitions, to which petitioner replied (*see* D.E. 76). The government did not respond to the motion to amend.

## BACKGROUND

I. Proceedings through Initial Sentencing and First Appeal

On 17 April 2008, petitioner was charged in a one-count indictment (D.E. 1) with possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g) and 924. On 5 November 2008, petitioner pled guilty (*see* Min. Entry at D.E. 20), and on 9 April 2009, the court sentenced petitioner to a term of 235 months' imprisonment and 5 years' supervised release (J. (D.E. 36) 1-3). In determining petitioner's sentence, the court applied the Armed Career Criminal Act ("ACCA") enhancement set forth in 18 U.S.C. § 924(e) based on its determination that petitioner had three violent felony convictions. (*See* Statement of Reasons (D.E. 37) 1; Presentence Investigation Report with Objections ("PSR") (D.E. 28) 9 ¶ 40).[2]

Petitioner appealed his sentence ("first appeal") asserting that the district court had erred in sentencing him as an armed career criminal because his prior North Carolina state conviction for eluding arrest with a motor vehicle was not a violent felony. *See United States v. Bellamy*, 455 Fed. Appx. 346, 347 (4th Cir. 2011). The Fourth Circuit vacated petitioner's sentence and remanded for resentencing. *Id.* at 348.

II. Re-Sentencing and Second Appeal

On 2 February 2012, petitioner was resentenced to 105 months' imprisonment and 3 years' supervised release. (Am. J. (D.E. 58) 1-3). Petitioner appealed his amended sentence ("second appeal") arguing that the district court had violated his Sixth Amendment right to a jury trial when it increased his base offense level under United States Sentencing Guideline ("USSG") § 2K2.1(b)(6)(B) based on facts not proven to a jury beyond a reasonable doubt or admitted by him. *See United States v. Bellamy*, 492 Fed. Appx. 418, 420 (4th Cir. 2012), *cert.*

---

[2] Page citations to the PSR are to the page numbers assigned by the court's CM/ECF electronic filing system.

*denied*, 133 S. Ct. 885 (2013). On 14 August 2012, the Fourth Circuit affirmed petitioner's amended sentence. *Id*.

### III. Petitioner's § 2255 Petition

On 12 December 2012, petitioner filed the instant § 2255 petition. In it, he asserts that he received ineffective assistance of counsel on the grounds that his counsel failed to challenge the enhancement of his sentence based on USSG § 2K2.1(b)(6)(B). On 29 January 2013, petitioner filed his motion to amend in which he seeks leave to raise a second claim for ineffective assistance of counsel on the grounds that counsel failed to object to criminal history points included in his Guideline calculation pursuant to USSG § 4A1.1. As previously noted, the government did not respond to this motion to amend.

## DISCUSSION

### I. Applicable Legal Principles

#### A. Standard of Review for § 2255 Petitions

Pursuant to 28 U.S.C. § 2255, a prisoner may seek correction or vacation of a sentence on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 WL 4484447, at *1 (E.D.N.C. 25 Oct. 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). Generally, an evidentiary hearing is required under 28 U.S.C. § 2255 "[u]nless it is clear from the pleadings, files, and records that the prisoner is not entitled to relief." *United States v. Rashaad*, 249 Fed.

Appx. 972, 973 (4th Cir. 2007) (citing *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970)).

B.  **Ineffective Assistance of Counsel**

To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id*. at 688. The reviewing court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. Concerning the second prong, a petitioner must show that he was prejudiced by the ineffective assistance. *Id*. In the context of a guilty plea, a petitioner must demonstrate he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

II. **Absence of Need for an Evidentiary Hearing**

The court has considered the record in this case and applicable authority to determine whether an evidentiary hearing is needed to resolve the matters before the court. It finds that the existing record clearly shows that petitioner is not entitled to relief on his claims and that an evidentiary hearing is not needed. The court will therefore proceed without an evidentiary hearing.

III. **Petitioner's Motion to Amend**

As noted, by his motion to amend, petitioner seeks leave to amend his petition to assert a second claim for ineffective assistance of counsel. The court finds that petitioner's motion to

amend is moot because he is entitled under Fed. R. Civ. P. 15(a)(1)[3, 4] to amend his petition without leave of court. Rule 15(a)(1)(B) provides, in relevant part, that where a responsive pleading is required, a party may amend its pleading without leave of court within "21 days after service of the responsive pleading." Fed. R. Civ. P. 15(a)(1)(B). Here, the court entered an order (D.E. 73) on 21 December 2012 directing the government to respond to the petition no later than 40 days from the date of the order, which was 11 February 2013. Because petitioner filed the amendment to his petition on 29 January 2013, 13 days before the government's responsive pleading was due, petitioner was not required to seek leave of court to do so. *See United States v. Robeson*, 165 Fed. Appx 245, 246 (4th Cir. 2006) (holding that the district court's failure to address claims raised in petitioner's amended petition was error where petitioner filed her amended petition 10 days after filing the first petition and before a responsive pleading was filed, thereby constituting an amendment as of right under Rule 15(a)). Consequently, the amendment to the petition was effective the date it was filed and, accordingly, it will be recommended that petitioner's motion to amend his petition be denied as moot.

---

[3] In support of his motion (Mot. to Amend 2; Reply 3 ¶ 9), petitioner cites to Fed. R. Civ. P. 15(d), which sets forth the procedure and standards for filing a supplemental pleading. A supplemental pleading, by definition, "[sets] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see also* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1504 (3d ed.) (explaining the difference between an amended pleading and a supplemental pleading: "[Amended pleadings] relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading; [supplemental pleadings] deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings."). Here, petitioner is not seeking to supplement his petition, but rather to amend it to add a new claim of ineffective assistance of counsel that arose during his resentencing and, obviously, before the filing of his § 2255 petition. Accordingly, the court construes his motion as one to amend his petition pursuant to Rule 15(a). The provision of Rule 15 cited by petitioner in the title of his motion to amend, Rule 15(c), concerns relation back of amendments to the date of the original filing. The amendment here does relate back as one arising out of the same events set out in the original petition. *See* Fed. R. Civ. P. 15(c)(1)(B).

[4] Rule 12 of the § 2255 Rules provides for the application of the Federal Rules of Civil Procedure where "they are not inconsistent with any statutory provisions or these [§ 2255] rules." § 2255 Rule 12. In addition, the Federal Rules of Civil Procedure themselves provide that they may be applied in § 2255 proceedings where a particular practice has not been specified by § 2255 and where such practice has "previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4). "The Rules Governing Section 2255 do not specify a procedure for amending motions. Therefore courts have typically applied Federal Rule of Civil Procedure 15 to the amendment of a § 2255 motion." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000).

**IV.    USSG § 2K2.1 Enhancement**

In his first claim, petitioner asserts that he received ineffective assistance of counsel because his attorney failed to challenge the enhancement of his sentence based on USSG § 2K2.1(b)(6)(B). While petitioner's argument is not altogether clear, he appears to be asserting that counsel's failure to raise the issue in the first appeal resulted in an unlawful sentence when he was resentenced. For example, he asserts that counsel "allowed the court to abuse [its] discretion by applying the four-level enhancement [at resentencing] by failing to raise issue on appellant [sic] review initially." (Pet.'s Mem. 3). He also states that counsel "was ineffective for not initially raising the issue on appeal. After being resentence, counsel . . . then tried to raise the issue on appeal in which he abandoned." (*Id.* at 3-4).

Petitioner's argument is wholly without merit. As discussed above, counsel raised the § 2K2.1 issue in the second appeal and, moreover, the Fourth Circuit addressed the merits of the issue in affirming petitioner's amended sentence. *See United States v. Bellamy*, 492 Fed. Appx. at 420 ("With respect to the merits of [petitioner's] challenge, we conclude that his Sixth Amendment right to a jury trial was not violated when the district court increased his base offense level four levels under U.S.S.G. § 2K2.1(b)(6)(B)."). Accordingly, it will be recommended that this claim be denied.

**V.    Application of USSG § 4A1.1 to Petitioner's Criminal History Computation**

Petitioner's second claim fares no better. He contends that he received ineffective assistance of counsel when his counsel failed to challenge the addition of criminal history points pursuant to USSG § 4A1.1 when his Guideline range was calculated. Specifically, petitioner asserts the following:

> Attorney failure to raise the claim that [petitioner], should [not] have received the two level increase under 4A1.1 (e),[5] for being on probation or parole. When Congress addressed this matter by eliminating this provision of the Sentencing Guidelines of 4A1.1 (d) "Recency" Ponits [sic].

(Mot. to Amend 1). Thus, this ineffective assistance of counsel claim is based on counsel's alleged failure to object to the application of USSG § 4A1.1(d) and (e) to the calculation of his Guideline range. Each of these contentions is without merit.

First, petitioner's assertion that counsel should have objected to the application of USSG § 4A1.1(e) is groundless because this provision was not applied in the calculation of petitioner's criminal history points. (*See* PSR 5-6 ¶¶ 15-17 ("Criminal History Computation")).

Petitioner's second contention that counsel failed to object to the two-point increase pursuant to USSG § 4A1.1(d) is simply contrary to the record. The PSR unequivocally shows that counsel did, in fact, object to the application of § 4A1.1(d). (*See* PSR 13 ¶ 3 ("The defendant contends that he was not on probation at the time of the instant offense, and therefore, 2 points should not be added pursuant to 4A1.1(d).").

Even had counsel not objected, petitioner has failed to allege any facts or provide any argument as to why the application of § 4A1.1(d) was erroneous in his case. The PSR shows plainly that petitioner was, in fact, on probation for a state conviction on the date of his offense. In response to petitioner's objection to the PSR, the probation officer explained the factual basis for the application of § 4A1.1(d) as follows:

> The defendant committed the instant offense on August 5, 2007. At that time, he was on probation as a result of a sentence imposed on August 3, 2006, wherein he received a 3-year term of probation. Accordingly, the probationary term would have terminated on August 2, 2009, had it not been revoked on May 28, 2008.

---

[5] The court notes that petitioner has incorrectly referenced the corresponding subsections of USSG § 4A1.1. Specifically, § 4A1.1(d) provides for an enhancement for having committed an offense while on probation or parole and § 4A1.1(e) provides for an enhancement for having committed the offense less than two years after release from imprisonment—that is, "recency points."

(PSR 13 ¶ 3). Petitioner has failed to even suggest why this finding is erroneous. For this and the other reasons stated, the court concludes that petitioner's claim of ineffective assistance of counsel regarding the application of USSG § 4A1.1(d) and (e) is without merit and should be rejected.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that:

1. Petitioner's motion to amend (D.E. 74) be DENIED AS MOOT; and

2. The petition (D.E. 70, 72), as amended (*see* D.E. 74), be DENIED.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to the respective parties or, where applicable, their counsel, who shall have until 9 December 2014 in which to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Responses to any objections shall be filed within 14 days after service thereof, unless otherwise ordered by the court.

SO ORDERED, this the 25th day of November 2014.

James E. Gates
United States Magistrate Judge